UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., <br><br> Defendant. | Case No. 1:24-cv-00656-KES-CDB <br><br> ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER <br><br> (Doc. 16) |

On June 3, 2024, Plaintiff initiated this action with the filing of a complaint against Defendant The GEO Group, Inc. ("Defendant"). (Doc. 1). That same day, Plaintiff filed an *ex parte* motion to proceed under pseudonym and for protective order. (Doc. 2). Plaintiff requests to proceed by the pseudonym "L.V.Q." in place of his true and correct name. *Id*. Further, Plaintiff asks the Court for a protective order that requires the parties to redact or otherwise withhold all personally identifying information, including Plaintiff's true full name, from all public filings, consistent with Federal Rule of Civil Procedure 5.2. *Id*. For the reasons below, Plaintiff's *ex parte* motion is GRANTED, subject to reconsideration following Defendant's appearance in this action.

**Legal Standard**

While the presumption in litigation is that parties must use their real names, courts permit parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v.*

*Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).[1]  The Ninth Circuit has held a party may proceed with a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-68 (internal quotation and citation omitted).  "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.  The decision of whether to allow a party to remain anonymous is within this Court's discretion.  *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010).  Under Federal Rule of Civil Procedure 5.2(e), for good cause, a court may require redaction of certain personal information from court filings.  Fed. R. Civ. P. 5.2(e).

**<u>Discussion</u>**

Plaintiff requests to proceed by the pseudonym "L.V.Q." to protect his private health information, "vulnerable immigration status," and because this action involves allegations of sexual assault.  (Doc. 2 at 3).

From 2018 through 2022, Plaintiff was held at Mesa Verde Immigrations and Customs Enforcement ("ICE") Processing Center ("Mesa Verde") for civil immigration detention.  (Doc. 1 at ¶¶ 2-3).  Mesa Verde is a private immigration detention center owned and operated on behalf of ICE pursuant to a federal contract by Defendant.  *Id*. at ¶¶ 3, 27.  Plaintiff claims during his detainment at Mesa Verde, he was a victim of sexual harassment and assault.  *See id*. at ¶¶ 4, 85, 98, 101-09.  Plaintiff asserts he is at a "high risk of serious personal embarrassment and emotional injury if he is forced to proceed with his real identity."  (Doc. 2 at 4).  Plaintiff also asks for anonymity as his mental and physical health conditions are a principal issue in this case and his private health information will be disclosed.  *Id*. at 5.  Separately, Plaintiff requests anonymity due to his pending immigration case, which includes an application for relief under the Convention Against Torture.  *Id*. at 5-6.  Plaintiff indicates his identity will be disclosed to Defendant during this litigation.  *Id*. at 4.

---

[1] This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers.  *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010).

At this stage of the proceedings, the Court finds good cause to grant Plaintiff's request to proceed under pseudonym and to redact Plaintiff's true name under Rule 5.2(e)(1).  The Court finds based on Plaintiff's allegations and concerns at issue, the need for anonymity in this case outweighs countervailing considerations at this time.  "Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape."  *Doe v. California*, No. 1:23-cv-00868-JLT-BAM (PC), 2023 WL 3996476, at *1 (E.D. Cal. Jun. 14, 2023) (citing *Doe v. Rose*, No. CV-15-07503, 2016 WL 9137645, at *1-2 (C.D. Cal. Jun. 17, 2016) (collecting cases)); *see A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375 CKD, 2024 WL 2304851, at *1 (E.D. Cal. May 21, 2024).   Likewise, private health information and immigration status can be a basis to prohibit disclosure of a plaintiff's true and correct name.  *Ms. R.H. v. United States*, No. 23-cv-05793, 2023 WL 7563749, at *1-2 (N.D. Cal. Nov. 14, 2023) (collecting cases); *Doe v. Sessions*, No. 18-0004 (RC), 2018 WL 4637014, at *4-5 (D.D.C. Sep. 27, 2018).  However, the Court will reconsider the issue should Defendant object once it has appeared in this action.  *See Doe v. California*, No. 1:32-cv-00869-JLT-SAB, 2023 WL 3956475, at *2 (E.D. Cal. Jun. 12, 2023).

**Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Plaintiff's *ex parte* motion to proceed under pseudonym and for protective order (Doc. 2) is GRANTED, subject to reconsideration following Defendant's appearance in this action;
2. Defendant shall file an opposition, objection, or statement of non-opposition to Plaintiff's *ex parte* motion, within 14 days of responding to the complaint;
3. The parties shall refer to Plaintiff by the pseudonym L.V.Q. in all filings and public proceedings; and

*Remainder of This Page Intentionally Left Blank*

3

4. The parties shall redact or otherwise withhold all personally identifying information, including Plaintiff's true full names, from all public filings, consistent with Federal Rule of Civil Procedure 5.2.

IT IS SO ORDERED.

Dated:   **June 5, 2024**

_____
UNITED STATES MAGISTRATE JUDGE