Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q.,<br><br>              Plaintiff,<br><br>       v.<br><br>THE GEO GROUP, INC., a Florida Corporation,<br><br>              Defendant. | Case No. 1:24-cv-00656-KES-CDB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant THE GEO GROUP, INC. hereby answers Plaintiffs' First Amended Complaint (Doc. #9), filed on July 30, 2024, as follows:

## INTRODUCTION

1.     In response to paragraph 1 of plaintiff's First Amended Complaint (FAC), Defendant lacks sufficient information to admit or deny allegations regarding Plaintiff's background. Defendant denies any remaining allegations for lack of information and belief.

2.     In response to paragraphs 2 and 3 of plaintiff's FAC, Defendant admits Plaintiff was detained at Mesa Verde ICE Processing Center in Bakersfield, operated by The GEO Group, Inc. under contract with ICE. Defendant denies any remaining allegations for lack of information and belief.

3. In response to paragraph 4 of plaintiff's FAC, Defendant denies its employees at Mesa Verde were aware of any prior physical or sexual assaults of Plaintiff. 0Defendant denies any remaining allegations for lack of information and belief.

## JURISDICTION AND VENUE

4. In response to paragraphs 6-8 of plaintiff's FAC, Defendant admits that this Court has jurisdiction on grounds of diversity pursuant to 28 U.S.C. § 1332. Defendant admits it is a Florida corporation. Defendant admits venue is proper in the Eastern District. Defendant denies any remaining allegations for lack of information and belief.

## THE PARTIES

5. In response to paragraph 9-10 of plaintiff's FAC, Defendant admits The GEO Group, Inc. is a corporation that operates Mesa Verde pursuant to a contract with ICE. Defendant lacks sufficient information to admit or deny allegations related to Plaintiff's background. Defendant denies any remaining allegations for lack of information and belief.

## FACTUAL ALLEGATIONS

6. In response to paragraphs 11-17 of plaintiff's FAC, Defendant lacks sufficient information to admit or deny allegations related to Plaintiff's background and medical issues. Defendant admits that Plaintiff was convicted of a crime and spent time in CDCR custody. Defendant denies any remaining allegations for lack of information and belief.

7. In response to paragraphs 18-27 of plaintiff's FAC, Defendant lacks sufficient information to admit or deny allegations about what occurred when Plaintiff was in CDCR custody. Defendant denies that it had Plaintiff's CDCR records while he was in custody at Mesa Verde. Defendant admits that it operates Mesa Verde. Defendant denies any remaining allegations for lack of information and belief.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-6758-2415 v1

2

Case No. 1:24-cv-00656-KES-CDB
GEO ANSWER TO FAC

8.     In response to paragraphs 28-36 of plaintiff's FAC, Defendant admits that GEO has to comply with the current version of ICE's PBNDS and PREA regulations under the terms of its contract. Defendant denies any remaining allegations for lack of information and belief.

9.     In response to paragraphs 37-56 of plaintiff's FAC, Defendant admits that GEO has to comply with the current version of ICE's PBNDS and PREA regulations under the terms of its contract. Defendant admits that GEO has developed policies and procedures to comply with PREA, including assessment of individuals on intake and reporting of any sexual assault. Defendant admits that GEO has training on PREA for its staff. Defendant denies any remaining allegations for lack of information and belief.

10.     In response to paragraphs 57-66 of plaintiff's FAC, Defendant admits it is required to comply with the Rehabilitation Act. Defendant admits the screening questions about prior abuse rely on self-admissions.  Defendant denies any remaining allegations for lack of information and belief.

11.     In response to paragraphs 67-72 of plaintiff's FAC, Defendant lacks sufficient information to admit or deny allegations related to Plaintiff's removal proceedings by ICE. Defendant denies that GEO had Plaintiff's CDCR medical records.  Defendant admits that in July 2018, Plaintiff was noted as being a Franco class member. Defendant denies any remaining allegations for lack of information and belief.

12.     In response to paragraphs 73-84 of plaintiff's FAC, Defendant lacks sufficient information to admit or deny allegations regarding Plaintiff's statements in immigration court.  Defendant admits Plaintiff was assessed by an audiologist in Fall 2020, and subsequently received new hearing aids. Defendant denies any remaining allegations for lack of information and belief.

13.     In response to paragraphs 85-100 of plaintiff's FAC, Defendant denies that Plaintiff reported sexual harassment to GEO in 2018. Defendant denies that

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-6758-2415 v1

3

Case No. 1:24-cv-00656-KES-CDB
GEO ANSWER TO FAC

allegations of bullying or teasing constituted a report under PREA.  Defendant lacks sufficient to admit or deny what Bakersfield P.D. did to investigate the assault reported to them by GEO. Defendant denies it was aware of sexual misconduct or harassment of Plaintiff before June 2022. Defendant denies any remaining allegations for lack of information and belief.

14.     In response to paragraphs 101-130 of plaintiff's FAC, Defendant denies that Plaintiff had reported any sexual assault prior to June 2022.  Defendant admits that Plaintiff eventually reported the June 7, 2022 shower incident, although initially he only told staff he cut himself shaving. Defendant admits it sent Plaintiff to the hospital after he reported the assault. Defendant denies any remaining allegations for lack of information and belief.

### FIRST CAUSE OF ACTION: NEGLIGENCE

15.     In response to paragraph 131 of plaintiff' FAC, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

16.     In response to paragraphs 132-149 of plaintiff's FAC, Defendant denies that it neglected its duty of care to Plaintiff. Defendant denies that NIED is a separate legal cause of action. Defendant denies that its actions or inactions caused plaintiff harm, and contend there was a superseding intervening criminal act. Defendant lacks sufficient information to admit or deny allegations about Plaintiff's emotional distress. Defendant denies any remaining allegations for lack of information and belief.

### SECOND CAUSE OF ACTION:  UNRUH ACT

17.     In response to paragraph 150 of plaintiff's FAC, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

18.     In response to paragraphs 151-156 of plaintiff's FAC, Defendant denies that it discriminated against Plaintiff on the basis of any disability and denies that it failed to accommodate any disability of his. Defendant denies any remaining allegations for lack of information and belief.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-6758-2415 v1

4

Case No. 1:24-cv-00656-KES-CDB
GEO ANSWER TO FAC

## THIRD CAUSE OF ACTION: GOVT CODE 7320

18.     In response to paragraph 157 of plaintiff' FAC, Defendant re-alleges and incorporates the allegations set forth above as though set forth herein.

19.     In response to paragraphs 158-170 of plaintiff's FAC, Defendant admits it must adhere to PBNDS, PREA, and the Rehabilitation Act as part of its contract with ICE.  Defendant denies that it violated these provisions with regard to Plaintiff.  Defendant denies any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

43.     In response to plaintiffs' prayer for relief, Defendant denies that plaintiff is entitled to declaratory judgment, injunctive relief, compensatory or punitive damages.  Defendant denies that it acted with malice or conscious disregard for Plaintiff's rights and denies that punitive damages are warranted.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

44.     Plaintiff's FAC fails to state a claim upon which relief can be granted. Plaintiff's FAC also fails to state a claim against defendant GEO.

## SECOND AFFIRMATIVE DEFENSE

45.     Defendant denies that plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

46.     At all relevant times, Defendant acted within its scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws.  Defendant therefore asserts its qualified immunity from liability.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4863-6758-2415 v1                          5                    Case No. 1:24-cv-00656-KES-CDB
                                                                GEO ANSWER TO FAC

## FOURTH AFFIRMATIVE DEFENSE

47.    Plaintiff has suffered no actual injury due to Defendant's conduct.

## FIFTH AFFIRMATIVE DEFENSE

48.    Defendant asserts that this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings (if any) arising from the same incident and/or due to any duplicated federal claims.

## SIXTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are barred by all applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

50.    Any and all happenings, events, damages and injuries, if any, referred to in the First Amended Complaint were proximately caused and contributed by plaintiff's own conduct in that he did not report incidents or assaults to staff and they were not on notice of any problems.

## EIGHTH AFFIRMATIVE DEFENSE

51.    Plaintiff's injuries were caused by the superseding intervening negligent or intentional actions of a third party.

## NINTH AFFIRMATIVE DEFENSE

52.    Plaintiff is not entitled to punitive damages because defendant did not act with malicious intent to deprive him of any constitutional right or to cause any injury.  Punitive damages are also not recoverable for some of the claims set forth.

## TENTH AFFIRMATIVE DEFENSE

53.     Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## ELEVENTH AFFIRMATIVE DEFENSE

54.    Plaintiff failed to mitigate his own damages.

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-6758-2415 v1                                    6                    Case No. 1:24-cv-00656-KES-CDB
                                                                          GEO ANSWER TO FAC

## TWELFTH AFFIRMATIVE DEFENSE

55.   Should plaintiff recover damages against defendant, defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence – or intentional acts -- caused or contributed to damages, if any there were.

## THIRTEENTH AFFIRMATIVE DEFENSE

56.   Answering defendant alleges by way of a plea of comparative negligence that plaintiff was negligent in and about the matters and activities alleged in the FAC, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if plaintiff and/or other parties are found to have been negligent, and if the plaintiff is entitled to recover damages against the answering defendant by virtue of the FAC, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiff or others in proportion to the degree of fault attributable to the plaintiff and/or other parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

57.   Defendant alleges that at no time did it or its officers/employees breach any duty owed to Plaintiff the proximate cause of which was Plaintiffs' alleged injury and/or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

58.   Because the FAC is couched in conclusory terms, answering defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial before a jury on all issues presented by Plaintiffs' FAC triable to a jury.

WHEREFORE, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiff; and

2. Plaintiffs take nothing by the FAC; and

3. Defendant be awarded costs of suit incurred herein; and

4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  August 13, 2024                    BURKE, WILLIAMS & SORENSEN, LLP


By:      /s/ *Susan E. Coleman*
        Susan E. Coleman
        Attorneys for Defendant
        THE GEO GROUP, INC.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-6758-2415 v1                          8                    Case No. 1:24-cv-00656-KES-CDB
                                                                   GEO ANSWER TO FAC