IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., <br><br> Defendant. | CASE NO. 1:22-cv-0656-KES-CDB <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO SEAL AND DIRECTING CLERK OF THE COURT TO SEAL FILING <br><br> ORDER DIRECTING PLAINTIFF TO FILE REDACTED PRO HAC VICE APPLICATION <br><br> (Docs. 18, 23) <br><br> **<u>3-Day Deadline</u>** |

On October 4, 2024, proposed counsel for Plaintiff L.V.Q. filed an application seeking pro hac vice admission. (Doc. 18). On October 11, 2024, the Court granted the application and noted that pro hac vice counsel had disclosed in her application the full name of Plaintiff, notwithstanding the Court's earlier grant of Plaintiff's motion to proceed via pseudonym. (Doc. 19 at n.1).

Pending before the Court is Plaintiff's ex parte application to seal. (Doc. 23). In the application, counsel for Plaintiff represents that identification of Plaintiff's full name in the pro hac vice application was made "inadvertently." *Id.* at 2. Counsel for Plaintiff requests the Court order the application identifying the Plaintiff by name to be sealed and respsents that counsel "simultaneously is filing a corrected application." *Id.*

Although Plaintiff's application to seal does not comply with Local Rule 141 in all respects and

was not accompanied by a correcting application, the Court finds in the interests of justice Plaintiff may be relieved of her deficiencies in complying with these obligations.

Pursuant to Local Rule 141(b) and based upon the representations contained in Plaintiff's motion to seal (Doc. 23), IT IS HEREBY ORDERED that the "Pro Hac Vice Application" filed on October 4, 2024 (Doc. 18), shall be SEALED until further order of this Court.

The Court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in Plaintiff's motion, sealing the pro hac vice application serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by Plaintiff in her motion to proceed by pseudonym (Doc. 2) would be harmed. In light of Plaintiff's noticed intent to file a corrected application that presumably identifies Plaintiff only by the pseudonym (Doc. 23), the Court further finds that there are no additional alternatives to sealing the pro hac vice application that would adequately protect the compelling interests identified by Plaintiff.

**Conclusion and Order**

Accordingly, Plaintiff's motion (Doc. 23) to file the pro hac vice application under seal is GRANTED, and the Clerk of the Court is DIRECTED to seal the pro hac vice application (Doc. 18).

Further, within three (3) days of entry of this order, Plaintiff SHALL FILE a corrected pro hac vice application that identifies Plaintiff only by the approve pseudonym ("L.V.Q.").

IT IS SO ORDERED.

Dated:   **October 28, 2024**

UNITED STATES MAGISTRATE JUDGE