IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q.,<br><br>                Plaintiff,<br><br>     v.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | CASE NO. 1:22-cv-0656-KES-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 32)<br><br>**10-Day Deadline** |

       Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

       Plaintiff L.V.Q. initiated this action with the filing of a complaint on June 3, 2024. (Doc. 1). In the operative, first amended complaint ("FAC"), Plaintiff asserts state law causes of action against Defendant The GEO Group, Inc. ("Defendant" or "GEO"). According to allegations in the FAC, following his completion of service of a criminal sentence in 2018, Plaintiff was detained by U.S. Immigration and Customs Enforcement ("ICE") and became the subject of removal proceedings. (Doc. 9 at ¶ 2). Plaintiff was held at the Mesa Verde ICE Processing Center (Mesa Verde) in Bakersfield throughout the duration of his removal proceedings between January 2018 and August 2022. Mesa Verde is owned and operated on behalf of ICE pursuant to a federal contract by GEO. *Id.* ¶ 3. Despite GEO's obligations pursuant to its contract with ICE, during the time that ICE detained Plaintiff at Mesa

1

Verde, Plaintiff endured repeated physical and sexual harassment and abuse. This pattern of harassment and abuse culminated in a sexual assault in June of 2022, as well as a violent rape only a handful of days later. GEO's employees at Mesa Verde were aware of Plaintiff's vulnerabilities and of prior physical and sexual assaults and harassment that Plaintiff endured while at Mesa Verde, and yet, failed to protect Plaintiff and failed to abide by immigration detention standards as to his care. *Id.* ¶ 4.

On December 4, 2024, Plaintiff served upon GEO requests for the production of documents. *See* (Doc. 32-1, Ex. A). GEO served its responses on January 23, 2025. *See id.*, Ex. B. In response to Plaintiff's demand for communications between GEO and any detained person regarding Plaintiff, GEO objected on various privacy related grounds (Response to Request No. 24), including an undefined "third-party right to privacy" and the Privacy Act of 1974, 5 U.S.C. § 552a. *Id.* In a supplemental response dated April 2, 2025, GEO invoked a similar privacy-based objection in response to Plaintiff's demands (Request Nos. 3 & 5) for investigative documents concerning a sexual assault against Plaintiff. *Id.*, Ex. C. GEO also identified a range of documents it was withholding based on this objection and which were identified in an amended privilege log. *Id.*

On June 27, 2025, following meet and confer efforts between the parties, counsel for Plaintiff requested to convene for an informal discovery conference to resolve disputes concerning GEO's withholding of documents and improper production of certain electronically stored information ("ESI") in response to Plaintiff's request for production of documents. (Doc. 30). The parties thereafter filed a joint letter brief addressing the discovery disputes and a request to seal certain discovery documents implicated by the disputes. (Docs. 31, 32). The Court convened via Zoom for an informal discovery dispute videoconference on July 10, 2025. (Doc. 33). Plaintiff appeared through Jessica Yucheng Zhang and Claudia Valenzuela; GEO appeared through Deann Rivard. Because neither party opted-out of the Court's informal discovery dispute process (*see* Doc. 22 at 4), the undersigned entertained counsels' arguments and submitted the matter for decision.

**Governing Law**

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

2

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Relevant here, in response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

**Discussion**

There are three discovery disputes at issue, addressed below.

**A. Documents Withheld on Grounds of Privacy and Need for Nonparty Agency Pre-review**

Plaintiff challenges GEO's withholding of responsive documents on privacy-related grounds and challenges GEO's claim that certain inmate detention records may not be produced (1) without the inmate's consent, and (2) before an ICE employee reviews and redacts the document.

Although GEO asserted in its response to Plaintiff's request for production of documents a number of privacy-based objections to producing the withheld documents (including the California Crime Victims' Rights Act of 2004, C.F.R. § 236.6, and undefined third-party privacy rights, see Doc. 32-1 Ex. B), GEO did not address these specific grounds in the parties' joint brief and did not raise or rely on these grounds during the discovery dispute conference. Instead, counsel for GEO generally asserted that (1) the Privacy Act of 1974 (5 U.S.C. § 552a) requires a court order to facilitate production of the documents at issue, and (2) ICE's Performance Based National Detention Standards of 2011

3

1  ("PBNDS") requires Plaintiff to obtain inmate release forms prior to production of documents that
2  include the implicated inmates' personal identifying information ("PII").  GEO also requests that the
3  Court permit ICE "to review any and all requested third-party detention files and redact PII according to
4  the PBNDS and related privacy statutes." (Doc. 32 at 4).  Although GEO does not identify what in the
5  PBNDS or any specific privacy statue authorizes withholding responsive documents until a non-party
6  agency reviews and redacts the documents, GEO refers the Court to an unrelated action where the court
7  reportedly authorized such a procedure. *Id.*

8        The ICE PBNDS is a federal agency publication and does not purport to and does not carry the
9  force of federal law.  *See GEO Group, Inc. v. Inslee*, 720 F. Supp.3d 1029, 1058 (W.D. Wash. 2024).  In
10 support of its withholding of documents here, GEO relies on provisions of the PBNDS providing that
11 information from a detention file "shall be released to an outside third party only with the detainee's
12 signed release-of-information consent form." (Doc. 32 at 40) (citing Doc. 32-1, Ex. M).  However,
13 those provisions also note that release of information shall be in accordance with applicable federal
14 statutes and regulations.

15       The parties agree that the Privacy Act is the relevant federal statute applicable to the discovery
16 requests in dispute here.  The Privacy Act, 5 U.S.C. § 552a, provides "No agency shall disclose any
17 record which is contained in a system of records by any means of communication to any person, or to
18 another agency, except pursuant to a written request, or with the prior consent of, the individual to
19 whom the record pertains, *unless disclosure of the record would be...pursuant to the order of a court of*
20 *competent jurisdiction*." 5 U.S.C. § 552a(b) (emphasis added).  "Thus, records that might otherwise be
21 protected by the Act may still be discovered through litigation if ordered by a court."  *Garraway v.*
22 *Ciufo*, No. 1:17-cv-00533-DAD-GSA-PC, 2020 WL 1263562, at *8 (E.D. Cal. Mar. 16, 2020) (citation
23 omitted).

24       Presented with the Privacy Act exception noted above, counsel for GEO acknowledged during
25 the discovery dispute conference that GEO would produce the withheld documents upon the Court's
26 order.  Given that the parties already have a stipulated protective order in place that should address any
27 remaining concerns about GEO's production of the responsive documents, the Court will overrule
28 GEO's privacy objections and direct production of the withheld and responsive documents.  *See Loyd v.*

4

*United States*, No. 5:23-cv-00381-SVW-SSC, 2024 WL 5260932, at *3 (C.D. Cal. Dec. 5, 2024) (overruling defendant's objections under the Privacy Act and observing that its privacy concerns could likely be addressed by a protective order).  Although GEO asks the Court to permit ICE employees to review and redact documents implicating third-party PII prior to production, the Court declines to impose this restriction as it is unsupported by any cited authority and otherwise unnecessary.

### B. ESI Produced Out of Compliance with Governing ESI Order

Plaintiff argues GEO's production of certain ESI (.pdfs and photo and video files) in response to his requests for production of documents ran afoul of the parties' stipulated order governing production of ESI.  (Doc. 32 at 6).  Specifically, Plaintiff asserts ESI was not produced in native format, did not include metadata, and was not accompanied with load files.

The parties' stipulated order governing production of ESI requires production of documents that originally exist in native electronic form to be produced in native electronic image format.  (Doc. 29 ¶ 2).  Such native files are to be produced with identified metadata in a load file.  *Id*. ¶ 4.

During the discovery dispute conference, counsel for GEO explained that Powerpoint files maintained by "corporate" that were deemed responsive to Plaintiff's discovery requests were converted to .pdf for production purposes.  However, as set forth above, ESI must be produced in its original, native format, and must be accompanied by the metadata associated with the native file.   This requirement under the parties' stipulated ESI order applies to all ESI (not just Powerpoint files), including .pdf files that originally exist in native electronic form.

The Court perceives the parties' discovery disputes concerning ESI to be the result of GEO's misapprehension of the governing ESI order.  Accordingly, the Court will order GEO to remedy the ESI production deficiencies noted above and to adhere to the governing ESI order in connection with all future discovery productions.

### C. Nonproduction of Documents Responsive to Request for Production Category No. 20

Plaintiff also seeks to compel production of certain GEO contracts responsive to his request for production of documents.  (Doc. 32 at 7-8).  GEO raises no objections to producing the responsive contracts and offers only that production has not occurred yet because counsel has been preoccupied with other litigation matters.  *Id*.  Accordingly, the Court will order GEO to produce documents

5

responsive to Request for Production Category No. 20 by a date certain, subject to its continuing duty under Rule 26 to timely supplement any incomplete disclosures and responses. *See* Fed. R. Civ. P. 26(e)(1).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Defendant's objections to Plaintiff's first request for production of documents on the grounds of privacy and privacy-related statutes are OVERRULED;

2. Within ten (10) days, Defendant SHALL PRODUCE to Plaintiff documents identified by Defendant as being withheld on the grounds of privacy and privacy-related statutes and any other responsive documents Defendant may otherwise seek to withhold on the grounds of privacy and privacy-related statutes.

3. Within ten (10) days, Defendant SHALL PRODUCE to Plaintiff previously produced electronically stored information ("ESI") that, as addressed above, was not produced in compliance with the Stipulated Order governing production of ESI (Doc. 29).

4. Within ten (10) days, Defendant SHALL PRODUCE to Plaintiff documents responsive to his Request for Production Category No. 20.

IT IS SO ORDERED.

Dated: **July 10, 2025**

UNITED STATES MAGISTRATE JUDGE