UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., <br><br> Defendant. | Case No. 1:24-cv-00656-KES-CDB <br><br> ORDER GRANTING PARTIES' STIPULATED REQUEST TO AMEND CASE MANAGEMENT DATES <u>AS MODIFIED</u> <br><br> (Docs. 22, 51) |

**Relevant Background**

Plaintiff L.V.Q. initiated this action with the filing of a complaint on June 3, 2024. (Doc. 1). In the operative, first amended complaint ("FAC"), Plaintiff asserts state law causes of action against Defendant The GEO Group, Inc. ("Defendant" or "GEO"). (Doc. 9). On October 24, 2024, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 22).

On July 10, 2024, following submission by the parties of a joint letter brief and the Court's convening with the parties for an informal discovery dispute conference, the Court entered an order resolving certain discovery disputes over Defendant's objections to and withholding of documents responsive to Plaintiff's requests for production of documents, and separate disputes pertaining to Defendant's production of electronically stored information ("ESI"). (Doc. 34).

Pending before the Court is the parties' stipulated request to amend the scheduling order. (Doc. 51). The parties represent that good cause exists to continue case management dates to allow more time for discovery as Defendant has since produced documents subject to the Court's order resolving the parties' discovery disputes and has run searches for other ESI responsive to Plaintiff's discovery requests. *Id.* at 2. The parties represent Defendant's counsel has notified Plaintiff's counsel that review of potentially responsive ESI is underway. *Id.* (citing Ex. A, Decl. of Jessica Zhang ("Zhang Decl.")). The parties represent that Defendant has served its first set of discovery requests on Plaintiff on August 7, 2025. *Id.* The parties represent that they are working in good faith and diligently to respond to all pending discovery requests but will not be able to complete discovery by the current deadline of September 24, 2025, for completion of non-expert discovery. *Id.* The parties therefore jointly request to continue the deadlines in this case to allow for the completion of discovery as set forth in their stipulation (*see id.* at 2-3):

| Event | Prior Date | Amended Date |
|---|---|---|
| Mid-Discovery Status Conference | 08/20/2025 | 11/05/2025, 9:30 AM |
| Non-Expert Discovery Deadline | 09/24/2025 | 12/12/2025 |
| Expert Disclosure Deadline | 10/24/2025 | 01/12/2026 |
| Rebuttal Disclosure Deadline | 11/24/2025 | 02/12/2026 |
| Expert Discovery Deadline | 12/24/2025 | 03/12/2026 |
| Non-Dispositive Motion Filing | 01/08/2026 | 04/08/2026 |
| Non-Dispositive Motion Hearing | 02/16/2026 | 05/13/2026 |
| Dispositive Motion Filing | 03/16/2026 | 06/16/2026 |
| Dispositive Motion Hearing | 04/27/2026 | 07/27/2026, 1:30 PM |
| Pre-Trial Conference | 08/24/2026 | 11/23/2026, 1:30 PM |
| Trial Date | 10/20/2026 | 01/26/2027, 8:30 AM |

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R

1  Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  *Johnson v.*
2  *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

3  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly
4  disregarded by counsel without peril."  *Id*. (quotation and citation omitted).  Under Federal Rule
5  of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the
6  judge's consent."  Fed. R. Civ. P. 16(b)(4)/  "Rule 16(b)'s 'good cause' standard primarily
7  considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  If the
8  moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling
9  order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should
10 end' and the motion to modify should not be granted."  *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d
11 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

12 **Discussion**

13 Here, the Court does not find good cause to grant the requested extension based on the
14 parties' representation that Defendant served its first set of discovery requests on Plaintiff on
15 August 7, 2025.  It is unclear from the parties' filings why Defendant waited ten months from the
16 date discovery was opened, and only six weeks before nonexpert discovery is set to close, to
17 propound its first set of discovery requests on Plaintiff.  Without further details, the Court cannot
18 find that Defendant acted diligently in seeking discovery such that the scheduling order should be
19 modified on this basis.  *See Johnson*, 965 F.2d at 609.

20 Notwithstanding Defendant's unexplained delay in seeking discovery, the Court finds the
21 parties have demonstrated limited good cause for the requested extension of all case management
22 dates based on the parties' engagement in the Court's informal discovery dispute procedures (Docs.
23 30, 32, 33) and Defendant's compliance with the Court's order resolving the discovery dispute
24 (Doc. 34), including Defendant's ongoing review of potentially responsive ESI.

25 **Given the parties' showing of limited good cause and the generous extension granted**
26 **herein, the Court is unlikely to grant further requests for extension of case management dates**
27 **absent a showing of extraordinary circumstances beyond good cause**.

28 ///

**Conclusion and Order**

In light of the parties' representations and limited good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 22) be amended as follows and <u>as modified</u>:

| Event | Prior Date | <u>Amended Date</u> |
|---|---|---|
| Mid-Discovery Status Conference | 08/20/2025 | <u>11/05/2025, 10:00 AM</u> |
| Non-Expert Discovery Deadline | 09/24/2025 | 12/12/2025 |
| Expert Disclosure Deadline | 10/24/2025 | 01/12/2026 |
| Rebuttal Disclosure Deadline | 11/24/2025 | 02/12/2026 |
| Expert Discovery Deadline | 12/24/2025 | 03/12/2026 |
| Non-Dispositive Motion Filing | 01/08/2026 | 04/08/2026 |
| Non-Dispositive Motion Hearing | 02/16/2026 | 05/13/2026 |
| Dispositive Motion Filing | 03/16/2026 | 06/16/2026 |
| Dispositive Motion Hearing | 04/27/2026 | <u>08/03/2026, 1:30 PM</u> |
| Pre-Trial Conference | 08/24/2026 | <u>12/14/2026, 1:30 PM</u> |
| Trial Date | 10/20/2026 | <u>02/09/2027, 8:30 AM</u> |

IT IS SO ORDERED.

Dated: __August 13, 2025__                    _____
                                                                              UNITED STATES MAGISTRATE JUDGE

4