IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., | Case No. 1:22-cv-0656-KES-CDB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S UNOPPOSED REQUEST TO SEAL DOCUMENTS |
| v. | |
| THE GEO GROUP, INC., | (Docs. 60, 61, 61-1) |
| Defendant. | **5-DAY DEADLINE** |

Pending before the Court is Plaintiff L.V.Q.'s ("Plaintiff") unopposed request to seal documents, filed on September 29, 2025 (Doc. 60) and emailed to the undersigned's chambers, along with Plaintiff's Unopposed Request to Seal Documents and the documents sought to be sealed. Plaintiff requests the Court seal (1) an unredacted version of his application for the appointment of guardian ad litem (Doc. 61) and (2) an unredacted version of the declaration of his proposed guardian ad litem "Krystina A." in support thereof (Doc. 61-1, Ex. A), both of which include the full names of Plaintiff L.V.Q. and his sister Krystina A. (Doc. 60). In support of the request, Plaintiff notes that the Court has allowed him to proceed under pseudonym to protect his private health information, vulnerable immigration status, and because this action involves allegations of sexual assault. *Id.*; *see* (Doc. 6). Plaintiff also note he does not seek to seal any documents in full or seek to redact any information other than the names of himself and his sister. *Id.*

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985);

1

*Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to seal documents that are not submitted in connection with a dispositive motion, the party must demonstrate "good cause" to overcome the strong presumption in favor of public access to judicial records. *Id.* "This requires only a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Dew v. City of Seaside*, No. 19-cv-06009-HSG, 2020 WL 7016638, at *2 (N.D. Cal. Apr. 15, 2020) (granting motion to seal guardian ad litem application) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

The Court finds that, for the reasons stated in Plaintiff's unopposed request, good cause warrants sealing the unredacted version of the application for the appointment of guardian ad litem and of the declaration of Plaintiff's proposed guardian ad litem Krystina A. in support thereof due to the sensitive personal information appearing therein (*see* Doc. 6). The Court further finds that, in the absence of closure, the compelling interests identified by Plaintiff in its request would be harmed. In light of the public filing of the redacted documents (Docs. 61, 61-1), the Court further finds that there are no additional alternatives to sealing the unredacted filings of Plaintiff's application for the appointment of guardian ad litem and of the declaration of Plaintiff's proposed guardian ad litem Krystina A. in support thereof that would adequately protect the compelling interests identified by Plaintiff.

**Conclusion and Order**

Accordingly, pursuant to Local Rule 141 and based upon the representations contained in the Plaintiff's unopposed notice and request (Doc. 60), IT IS HEREBY ORDERED that the unredacted filings of Plaintiff's application for the appointment of guardian ad litem (Doc. 61) and of the declaration of Plaintiff's proposed guardian ad litem Krystina A. in support thereof (Doc. 61-1) shall be SEALED until further order of this Court; and

IT IS FURTHER ORDERED within (5) days of issuance of this Order, Plaintiff shall submit a copy of this Order, the Unopposed Request to Seal Documents, and the unredacted documents to be sealed by email to the Operations Section of the Clerk of the Court: ApprovedSealed@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   **September 30, 2025**                          _____
                                                                                  UNITED STATES MAGISTRATE JUDGE