Susan E. Coleman (SBN 171832)
Email: scoleman@bwslaw.com
Deann R. Rivard (SBN 177482)
Email: drivard@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., a Florida Corporation, <br><br> Defendant. | Case No. 1:24-cv-00656-KES-CDB <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM** <br><br> *Filed concurrently with Declaration of Deann R. Rivard* <br><br> Judge:  Hon. Kirk E. Sherriff <br><br> Magistrate Judge:  Hon. Christopher D. Baker |

## I. Introduction

As this Court is aware, Defendant sought the Court's intervention to ensure Plaintiff has an independent advocate whose sole function is to safeguard his rights pursuant to Rule 17(c). Defendant opposes Plaintiff's Application to appoint Krystina A. as Plaintiff's guardian *ad litem* because Krystina A. is *not* an individual independent of the instant litigation. Krystina A. was not only named as percipient witness in Plaintiff's Initial Rule 26(a) Disclosures, she is referred to in investigative reporting completed during the investigation of Plaintiff's sexual assault claim. (See Declaration of Deann R. Rivard ("Rivard Decl.") at ¶¶ 2–3.) There is a transcript of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-8960-4207 v1

1

Case No. 1:24-cv-00656-KES-CDB
DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM

Krystina A. and Plaintiff's telephone conversation where he reported having been sexually assaulted, which is indicative of her importance as a percipient fresh-complaint witness. (Rivard Decl. at ¶ 3.)

After reviewing the declaration of Krystina A. submitted in support of the Application, it is abundantly clear that the appointment of a guardian *ad litem* under Rule 17(c) is both appropriate and necessary, in light of the substantial assistance Krystina A. has provided and continues to provide to Plaintiff in managing his affairs and navigating these civil proceedings. Krystina A.'s statements stand in stark contrast to the manner in which Plaintiff's counsel previously portrayed Plaintiff's abilities in the opposition to Defendant's Rule 17(c) motion, which downplayed the very circumstances now acknowledged as warranting appointment of a guardian *ad litem*.

Defendant's sole concern lies with appointment of Krystina A. as Plaintiff's proposed guardian *ad litem*, not the appointment of a guardian *ad litem* in general. While Krystina A. shares a close bond with Plaintiff, her appointment presents a conflict of interest given her status, rightly disclosed by Plaintiff, as a percipient witness, as set forth in detail herein. This unique percipient witness status raises a conflict of interest which could undermine the very protections for which a guardian *ad litem* mechanism is designed.

## II. Statement of Facts

The allegations in Plaintiff's First Amended Complaint ("FAC") center on Defendant's purported failure to protect Plaintiff while he was in custody, including claims that additional safeguards should have been implemented light of his cognitive disabilities that allegedly rendered him "particularly vulnerable to victimization and harm by others." (FAC, ECF No. 9 at ¶ 1.) Plaintiff asserts that his diminished mental capacity restricted his ability to recognize risks or advocate for his own safety, and that the outward presentation of his disabilities placed Defendant on notice of his need for additional protections. According to Plaintiff,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-8960-4207 v1

2

Case No. 1:24-cv-00656-KES-CDB
DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM

these circumstances imposed upon Defendant a heightened obligation to safeguard him from harm while in custody. Because of these allegations, the extent of Plaintiff's cognitive disabilities and the outward presentation of those disabilities are key issues central to this case.

Plaintiff's sister Krystina A. is a percipient witness to these issues. In her declaration, she provides details reflecting her longstanding familiarity with the scope of his cognitive limitations and how those limitations are outwardly manifested, based on their relationship since childhood. Her declaration shows she has been closely involved in his life and possesses a deep understanding of his mental functioning and presentation.

Against this backdrop of longstanding familiarity, Krystina A.'s subsequent communication with Plaintiff during his period of custody provided her with contemporaneous insight into his mental state and experiences. They communicated with one another frequently while he was in custody. (Declaration of Krystina A., ECF No. 61, Exhibit A at ¶ 4.) Additionally, Plaintiff alleges that after he was assaulted, he "called his sister from the hospital, telling his sister that he was very confused, terrified, and in pain and bleeding. L.V.Q. also told his sister that he felt like he was going crazy and could not take this situation anymore." (FAC, ECF No. 9 at ¶ 118.) As such, she is also identified as a fresh-complaint witness, and her anticipated testimony includes bother her ongoing observations of his disabilities and her account of his immediate communication following the alleged assault. *See California v. Brown,* 8 Cal.4th 746, 754–63 (1994).

### III. <u>Legal Standard</u>

A guardian *ad litem* acts as "a representative of the court to act for the [ward]…, with authority to engage counsel, file suit, and to prosecute, control, and direct the litigation. As an officer of the court, the guardian *ad litem* has full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action." *Fong Silk Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-8960-4207 v1

3

Case No. 1:24-cv-00656-KES-CDB
DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM

1955) (Boldt, D.J., concurring). It is "through a guardian *ad litem* the court itself assumes ultimate responsibility for determinations made on behalf of the [ward]." *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974).

To that end, the guardian *ad litem* "must not face an impermissible conflict of interest with the ward." *AT&T v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. Nov. 10, 2015). If the guardian *ad litem* "has an actual or potential conflict of interest with the [incompetent person], the [guardian ad litem] has no right to control or influence the [incompetent person's] litigation." *Williams v. Super Ct.,* 147 Cal. App. 4th 36, 50 (2007).

Even where a close familial bond exists between a proposed guardian *ad litem* and the ward, the appointment cannot proceed if an actual or potential conflict of interest exists. *See AT&T,* 143 F. Supp. 3d at 1053 (holding that, although the ward's wife was concerned for her husband's best interests, her status as both his spouse and co-party created an impermissible conflict that precluded her from serving as his guardian *ad litem*).

## IV. <u>Krystina A.'s Conflict of Interest Precludes Her From Serving as Guardian *Ad Litem*</u>

An individual with either an actual or potential conflict of interest cannot serve as a guardian *ad litem*. *See Williams,* 147 Cal. App. 4th at 50. Courts recognize that even the existence of a potential conflict, as long as it is more than speculative, provides sufficient grounds for exclusion. *Reliastar Life Ins. Co. v. M.S.*, No. CV 19-09628, 2020 WL 13866581, at *2 (C.D. Cal. Nov. 25, 2020).

It is clear from the allegations in the FAC that Plaintiff will necessarily call Krystina A. as a witness, a point confirmed by her inclusion in Plaintiff's initial disclosures as a fact witness. (Rivard Decl. at ¶ 2.) It is therefore evident that he will be relying on her testimony to support his claims. This circumstance is not speculative. As a witness, her credibility, recollections, and potential vulnerability to impeachment will necessarily be at issue.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-8960-4207 v1

4

Case No. 1:24-cv-00656-KES-CDB
DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM

A person whose testimony is subject to scrutiny cannot simultaneously serve as the ward's neutral representative. Her personal interest in preserving her own credibility and avoiding impeachment may consciously or unconsciously influence litigation decisions that affect how her testimony is presented or challenged. Because a guardian *ad litem* must act with undivided loyalty to the ward's best interests, any competing personal interest–such as protective her own reputation or testimony–creates an impermissible conflict.

It would be improper to defer the resolution of this conflict or simply appoint her now and wait to see if an issue arises at some later point in time. The conflict is inherent and immediate, not speculative. If she were to be appointed, she would be responsible for making strategic decisions that could directly impact her own role and credibility as a witness. That dual role creates an inherent tension between her personal interests in protecting her own testimony and her duty to act solely in Plaintiff's best interest.

Rule 17(c) requires the guardian *ad litem* to serve as an independent representative of the Court, free from any competing personal interest. Once that independence is compromised–even by the potential for divided loyalty–the Court can no longer rely on the guardian *ad litem*'s judgment as neutral. Allowing such an individual to serve as a guardian *ad litem*, even if only temporarily, risks jeopardizing the very purpose for which they were appointed–to ensure that the ward's interests are represented with complete independence and undivided loyalty.

## V. Conclusion

Defendant's concern and opposition to the appointment of Krystina A. as Plaintiff's guardian *ad litem* is not grounded in any doubt about her sincerity or intentions, as her declaration indicates that she cares deeply for him and has long been devoted to his well-being. The issue is that the role of guardian *ad litem* is an important and impartial function of the Court, not merely a supportive one. The Court must be able to rely on the guardian *ad litem* to act without the influence–

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-8960-4207 v1

5

Case No. 1:24-cv-00656-KES-CDB
DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM

conscious or unconscious–of any personal stake related to her credibility as a percipient witness, both as a fresh-compliant witness and to Plaintiff's claim that his competence would have been obvious to Defendant GEO. Where the proposed guardian is also a fact witness whose testimony will be scrutinized under cross-examination for credibility, that independence is necessarily compromised, however well-intentioned she may be. For that reason, the Court should decline to appoint Krystina A. as Plaintiff's guardian *ad litem.* Alternatively, if Plaintiff is willing to remove Krystina A. as a witness in Plaintiff's case against GEO, Defendant's objection would be rendered moot as Defendant would see no other conflict of interest, actual or otherwise, that would disqualify her from serving as Plaintiff's guardian *ad litem.*

Dated: October 6, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

By:    */s/ Deann R. Rivard*
      Susan E. Coleman
      Deann R. Rivard
      Attorneys for Defendant
      THE GEO GROUP, INC.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-8960-4207 v1

6

Case No. 1:24-cv-00656-KES-CDB
DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED GUARDIAN AD LITEM