UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE GEO GROUP, INC.,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00656-KES-CDB<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM FOR PLAINTIFF L.V.Q.<br><br>(Doc. 61)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY AS MOOT<br><br>(Doc. 68)<br><br>**14-DAY DEADLINE** |

Pending before the Court is the motion of Plaintiff L.V.Q. ("Plaintiff") to appoint guardian ad litem, filed on September 29, 2025. (Doc. 61).[1] (Docs. 8, 9). On October 6, 2025, Defendant The GEO Group, Inc. ("Defendant") filed an opposition, and on October 15, 2025, Plaintiff replied. (Docs. 66, 67). The Court deems the motion suitable for disposition without hearing and oral argument. *See* Local Rule 230(g). For the reasons set forth herein, the Court will grant Plaintiff's motion for the appointment of guardian ad litem for L.V.Q. Further, because Defendant's pending, later-filed motion to stay seeks a stay only until such time as a guardian ad litem is appointed (*see generally* Doc. 68), Defendant's motion will be denied as moot.

---

[1] On September 30, 2025, the Court granted Plaintiff's unopposed request to seal documents (Doc. 60) that was filed in connection with the instant motion to appoint guardian ad litem. (Doc. 62); *see* (Docs. 63-65).

1

I.      **Background**

Plaintiff L.V.Q. initiated this action with the filing of a complaint on June 3, 2024. (Doc. 1). In the operative, first amended complaint ("FAC"), Plaintiff asserts state law causes of action against Defendant. (Doc. 9). On June 5, 2024, the Court granted Plaintiff's ex parte motion to proceed under pseudonym and for protective order. (Doc. 6). On October 24, 2024, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 22).

On July 21, 2025, Defendant filed an initial motion to appoint guardian ad litem for Plaintiff. (Doc. 39). The next day, the Court reset the hearing on the motion to September 8, 2025, before the undersigned. (Doc. 43). Plaintiff filed a response to the motion on July 30, 2025, and Defendant replied on August 11, 2025. On September 2, 2025, the Court ordered Plaintiff to appear for the hearing on Defendant's initial motion to appoint guardian ad litem. (Doc. 53).

On September 8, 2025, the Court held the hearing on Defendant's initial motion, at which Plaintiff L.V.Q. was sworn and testified. (Doc. 55). The Court granted Defendant's motion for appointment of guardian ad litem in part and ordered Plaintiff to file an application for the appointment of guardian ad litem compliant with Federal Rule of Civil Procedure 17 and Local Rule 202 within 21 days of entry of the order. *Id.*

At the Court's direction, on September 29, 2025, Plaintiff filed the pending motion to appoint guardian ad litem for L.V.Q. and a notice of request to seal documents in connection therewith. (Docs. 60, 61). The next day, the Court granted Plaintiff's unopposed request to seal documents. (Doc. 62); *see* (Docs. 63-65).

II.     **Motion to Appoint Guardian Ad Litem**

  A.    **Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the

3

attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**B.     Parties' Contentions**

Plaintiff seeks the Court appoint his sister, "Krystina A.," as his guardian ad litem, because she has "historically assisted L.V.Q. in making his own decisions, has consistently demonstrated that she will act in his best interest, and does not have a conflict of interest[.]" (Doc. 61 at 2). Plaintiff asserts that Krystina A., as Plaintiff's younger sister, has assisted him throughout his life, including reminding and ensuring that he "attends any immigration and other reporting requirements, managing [] finances, and assisting his attorneys in his criminal and immigration matters, including while [Plaintiff] was detained at Mesa Verde." *Id.* Plaintiff asserts Krystina A. has assisted him in understanding and making decisions in the present case, and Plaintiff has recently executed a financial and medical power of attorney agreement and a supported decision-making agreement with Krystina A, "formalizing [her] role in assisting [Plaintiff] in life decisions where he needs assistance." *Id.* Plaintiff asserts his sister agrees to serve as his guardian ad litem for purposes of this litigation and will continue to act in his best interests in this role. *Id.* Plaintiff further asserts Krystina A. has no interests adverse to his own, she is not a party to this case, and the only claims asserted here are asserted on behalf of Plaintiff. *Id.* at 4. Krystina A. declares that she understands that as Plaintiff's guardian ad litem, she would act in his best interests, has no interests divergent to Plaintiff, is unaware of any potential conflict of interest, and wishes to be appointed his guardian ad litem. *Id.*; *see* (Doc. 61-1, Declaration of Krystina A. ("Krystina A. Decl.")); (Docs. 62-65) (filed under seal). Counsel for Plaintiff declares, pursuant to Local Rule 202,

4

1  that Plaintiff signed retainers with both Immigrant Legal Defense ("ILD") and Romanucci & Blandin
2  Law, that ILD has represented Plaintiff at the request of Plaintiff's court-appointed immigration attorney
3  shortly after he was attacked at Mesa Verde, that ILD attorneys act as co-counsel in this matter with
4  counsel from Romanucci & Blandin Law, and that co-counsel from both firms did not become involved
5  in this case at the urging of Defendant nor have any relationship with Defendant or any other conflict of
6  interest.  (Doc. 61 at 5-6); *see* (Doc. 61-2, Declaration of Jessica Zhang ("Zhang Decl.")); (Docs. 62-
7  65) (filed under seal).  Counsel for Plaintiff declares that co-counsel for Plaintiff have a contingency fee
8  retainer with Plaintiff and will split the contingency fee equally.  *Id.*

9        Defendant argues that Krystina A. is not an individual independent of the litigation as she was
10 named a percipient witness in Plaintiff's initial Rule 26(a) disclosures, is referred to in investigative
11 reporting completed during the investigation of Plaintiff's sexual assault claim and presents a conflict
12 of interest such that she should not be appointed as Plaintiff's guardian ad litem.  (Doc. 66 at 2); *see*
13 (Doc. 66-1, Declaration of Deann R. Rivard ("Rivard Decl.")).  Defendant argues that, alternatively, if
14 Plaintiff is willing to remove Krystina A. as a witness in Plaintiff's case against Defendant, Defendant's
15 objection would be rendered moot as no other conflict of interest, actual or otherwise, would disqualify
16 her appointment as Plaintiff's guardian ad litem.  *Id.* at 6.

17       In reply, Plaintiff argues Defendant fails to identify any actual or potential conflict in its
18 opposition.  (Doc. 67 at 2).  Plaintiff argues that Defendant fails to identify any case law that bars fact
19 witnesses from serving as guardian ad litem in federal court and fails to distinguish the many cases
20 Plaintiff cited in his application showing that "co-parties may serve as guardians ad litem where they
21 have no non-speculative conflicts."  *Id.*  Plaintiff contends that Defendant's asserted conflict of Krystina
22 A.'s personal interest in preserving her own credibility and avoiding impeachment is purely speculative.
23 *Id.* at 2-3.

24       **C.**    **Analysis**

25       The Court determined following a competency hearing that L.V.Q. is incompetent to pursue this
26 action pursuant to Rule 17.  *See* Fed. R. Civ. P. 17; (Doc. 55).  Krystina A. attests to her willingness to
27 be appointed as guardian ad litem for L.V.Q.  Krystina A. is L.V.Q.'s adult sister and sets forth that she
28 executed financial and medical powers of attorney agreements and a supported decision-making

agreement with L.V.Q.  Krystina A. Decl. ¶¶ 1, 7.  In her declaration, Krystina A. represents that she does not have any relationship with Defendant nor any interests that conflict with L.V.Q.'s best interests, nor does she know of any potential conflicts of interest.  *Id.* ¶ 9.  She declares that she is not a party in this case and does not have any claims in this case.  *Id.*

Here, the Court finds that the standards for the appointment of Krystina A. as guardian ad litem for L.V.Q. have been met and that she is competent and qualified to serve as guardian ad litem for L.V.Q.  *See*, *e.g.*, *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) (approving appointment of plaintiff's adult daughter, also acting as her power of attorney, as guardian ad litem where plaintiff was found incompetent to pursue the action due to Alzheimer's disease); *Yaqub v. Paynter*, No. 1:23-cv-01482-EPG, 2023 WL 7005372, *2 (E.D. Cal. Oct. 24, 2023) (approving appointment of plaintiff's adult sister as guardian ad litem where the proposed guardian ad litem declared that plaintiff is not legally competent to bring his own lawsuit); *Fletcher for Rose v. Fresno Food Concept, Inc.*, No. 1:22-cv-00180-AWI-BAM, 2022 WL 815822, *1 (E.D. Cal. Mar. 17, 2022) (appointing plaintiff's adult daughter as guardian ad litem for plaintiff, who was incapacitated with a traumatic brain injury, where the proposed guardian ad litem indicated she has durable power of attorney and healthcare Power of attorney for plaintiff); Local Rule 202(a).  Defendant's objections that Krystina A. should not be appointed as guardian ad litem for Plaintiff—because she, as Plaintiff's sister, "is a percipient witness to … issues" of this case (Doc. 66 at 3) and therefore has a conflict of interest that precludes her from serving as guardian ad litem—are unavailing.  Defendant fails to show how Krystina A., as a percipient witness in this case based on her familial relationship with Plaintiff, presents any actual or potential conflict of interest that would bar her from being able to serve as Plaintiff's guardian ad litem.  As the above-cited authority illustrates, this Court and other courts within this District have appointed family members who otherwise meet the standards under the Federal Rules and the Local Rules as guardian ad litem for incompetent or incapacitated plaintiffs even where the proposed guardian ad litem is witness or a co-plaintiff in the action.  *See id.*; *Robbins v. Mscripts, LLC*, No. 23-cv-01381-LB, 2023 WL 4205773, *2-4 (N.D. Cal. June 27, 2023) (appointing plaintiff's wife as his guardian ad litem where plaintiff was mentally incompetent with brain disease and dementia and plaintiff's wife represented she was plaintiff's primary caregiver with durable power of attorney for plaintiff and was

his agent to make healthcare decisions without attaching any exhibits thereto); *Daigle v. City of Oceanside*, No. 19-CV-1180-BAS(WVG), 2020 WL 1905336, *2-3 (S.D. Cal. Apr. 17, 2020) (rejecting defendant's opposition to the appointment of a proposed guardian ad litem based on her status as a co-plaintiff in addition to her familial relationship with plaintiff because, "[w]hile the potential for a theoretical conflict exists, [the court] is not persuaded that an actual conflict exists now" as "the potential conflict identified here is too speculative and premature" and "the Court will have the authority to remove [the proposed guardian ad litem] … if the need arises in the future.").

Based on the Court's review of the filings, declarations of the proposed guardian ad litem Krystina A. and of counsel for Plaintiff submitted under seal, and consideration of Defendant's objections thereto, the Court finds that Plaintiff has adduced appropriate evidence of the appointment of a representative for L.V.Q. consistent with state law and the Local Rules such that the Court will appoint Krystina A. as L.V.Q.'s guardian ad litem under Federal Rule of Civil Procedure 17(c)(2) and Local Rule 202(a)(2). *See* Fed. R. Civ. P. 17(c)(2); Local Rule 202(a).

### D.    Requirement for Guardian ad Litem to be Represented by Counsel

A guardian ad litem is authorized to act on behalf of the incompetent party, "make all appropriate decisions in the course of specific litigation," "make binding contracts for the retention of counsel and expert witnesses and may settle the claim[.]" *30.64 Acres of Land*, 795 F.2d at 805. However, as is the case here, a party with a non-attorney guardian ad litem must have counsel in order to litigate a case. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (quotation and citation omitted).

Accordingly, the Court will direct Plaintiff to file either a notice of appearance on behalf of Krystina A. or a report setting forth why she may proceed without counsel.

*Remainder of This Page Intentionally Left Blank*

### III. Conclusion and Order

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion to appoint Krystina A. as guardian ad litem for L.V.Q. (Doc. 61) is GRANTED;
2. Krystina A. is appointed to act as guardian ad litem for Plaintiff L.V.Q. and is authorized to prosecute the action on L.V.Q.'s behalf;
3. The Clerk of the Court is DIRECTED to update the docket to reflect the name of Krystina A. as guardian ad litem for Plaintiff L.V.Q.;
4. Within **14 days** of entry of this order, Plaintiff shall file either a notice of appearance on behalf of Krystina A. or a report setting forth why she may proceed without counsel; and
5. Defendant's motion to stay proceedings (Doc. 68) is DENIED as moot.

IT IS SO ORDERED.

Dated: **October 28, 2025**

UNITED STATES MAGISTRATE JUDGE