Susan E. Coleman (SBN 171832)
Email: scoleman@bwslaw.com
Deann R. Rivard (SBN 177482)
Email: drivard@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., a Florida Corporation, <br><br> Defendant. | Case No. 1:24-cv-00656-KES-CDB <br><br> **JOINT STATUS REPORT RE MID-DISCOVERY STATUS CONFERENCE** <br><br> Date:  11/05/2025 <br> Time:  10:30 a.m. |

In compliance with the Court's Scheduling Order [Dkt. Nos. 22 and 52], Plaintiff L.V.Q. ("Plaintiff"), and Defendant THE GEO GROUP, INC. ("GEO) hereby submit this Joint Report regarding the Mid-Discovery Status Conference, as follows:

**STATUS OF THE CASE**

<u>Plaintiff's Position</u>

On September 8, 2025, the Court held a hearing on Defendant's motion for appointment of a guardian ad litem for Plaintiff L.V.Q.  ECF 55. At the hearing, the Court granted defendant's motion and requested that plaintiff's counsel file an application to appoint a guardian *ad litem*.  *Id*.  Plaintiff's counsel timely filed a

motion seeking appointment of Plaintiff's sister, Krystina A., as guardian ad litem. ECF 61.  Defendant opposed the motion.  ECF 66.  On October 28, 2025, the Court granted Plaintiff's motion to appoint Krystina A. as guardian ad litem.  ECF 69.  The Court granted the Plaintiff's counsel until November 11 to enter an appearance for Krystina A.  *Id*.  Plaintiff's counsel expects to appear for Krystina A. by that deadline.

While Plaintiff is prepared to conduct each of its contemplated depositions in advance of the December 12, 2025 fact discovery deadline, as discussed below, Plaintiff does not oppose Defendant's request for a 45-day extension of all discovery deadlines.  As discussed in greater detail below, Plaintiff is still awaiting what appears to be a very substantial ESI production from Defendant.  While Plaintiff is willing to proceed with depositions at this time to meet the December 12 fact discovery deadline, Plaintiff would strongly prefer to conduct depositions with the benefit of a complete (or even mostly complete) production of responsive documentary evidence.  This would obviate the need for Plaintiff to seek leave to re-depose witnesses in the event the documentary evidence is inconsistent with witness testimony or otherwise reveals subjects for which additional questioning is necessary and warranted.  The written discovery requests for which Plaintiff is awaiting responsive ESI were served in December 2024, nearly 11 months ago.

Plaintiff's responses to Defendant's first set of interrogatories (served in August 2025) remain outstanding at this time, as appointment of a guardian *ad litem* was necessary before verified responses could be submitted pursuant to Federal Rule of Civil Procedure 33. Plaintiff requires a brief period of time to review the interrogatories and the status of the litigation with Krystina A.  Plaintiff is also amenable to using an additional 45-day period to explore the possibility of settlement with Defendant.

///

///

Defendant GEO's Position

Defendant believes that a 45 day extension of all discovery deadlines will allow time to complete all guardian *ad litem*-related ("GAL") tasks in the aftermath of the Court's determination of Plaintiff's incompetence, including both the 14-day deadline for Plaintiff's counsel to file either a notice of appearance on behalf of Krystina A., or a report setting forth the reasons why she may proceed without counsel imposed by the Court on October 28, 2025, (ECF 69), and to allow GAL Krystina A. sufficient time to independently review and ratify all previous litigation decisions on behalf of Plaintiff to protect litigation/discovery decisions and actions. "[T]hrough a guardian *ad litem* the court itself assumes ultimate responsibility for determinations made on behalf of the [incompetent Plaintiff]." *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974).

As discussed below, Defendant is loath to expose itself to potential foreseeable adverse ramifications in the event of a negotiated settlement, should the binding effect of that settlement be legitimately attacked for obvious lack of sufficient time for GAL Krystina A. to meaningfully and fully review and ratify of all of the litigation decisions made thus far on behalf of an incompetent Plaintiff. As an example, counsel for Plaintiff averred that Plaintiff was competent in moving papers opposing Defendant's Rule 17 motion for a hearing on incompetence; such an averment flies in the face of the Court's own findings made after only a brief examination of Plaintiff. That position placed Defendant in the 'catch-22' position of being forced to act on Plaintiff's behalf in filing the Rule 17 motion to protect his interests, and to ensure that any potential future negotiated settlement would be protected from attack given the proliferation of allegations within the operative First Amended Complaint that Plaintiff has an obvious neurocognitive impairment. (ECF 9, ¶¶ 12-15, 18-20, 62, 66-71, 86, 98-100, 124, 127, 145,161-164, 172-173) That alone necessitates that GAL Krystina A. be afforded the time to conduct a thorough review of all litigation decisions made prior to her appointment on October 28,

2025, to both protect Plaintiff, and to ensure that any potential negotiated settlement is legally binding.

## ADDITIONAL DISCOVERY STILL PLANNED

### Plaintiff's Position

Depositions:

- Plaintiff currently plans to take depositions of current and former GEO employees or contractors in advance of the December 12, 2025 fact discovery deadline. The parties have exchanged dates of availability for witnesses and Plaintiff anticipates that deposition dates for current GEO employees will be scheduled within the next week. Plaintiff is in the process of serving subpoenas on three former GEO employees to appear for depositions in advance of the December 12, 2025 fact discovery deadline. Plaintiff also intends to serve a Rule 30(b)(6) deposition notice on GEO in the coming days. With respect to depositions taken by Defendant, the parties are working to identify mutually agreeable deposition dates for Plaintiff and Krystina A. in advance of the fact discovery deadline, and have discussed a potential deposition of Plaintiff's spouse.

Written Discovery:

- As discussed in Defendant's position below, Plaintiff is currently awaiting production of what appears to be a substantial amount of outstanding ESI from Defendant. Plaintiff also served a set of interrogatories on Defendant on October 6, 2025, with responses due in early November. Plaintiff anticipates serving responses to Defendant's first set of interrogatories upon review and verification by the newly appointed guardian *ad litem*. In addition, Plaintiff intends to issue subpoenas to a small number of medical providers in an attempt to swiftly obtain what remains outstanding of Plaintiff's medical records;

the parties have agreed upon a HIPAA qualified protective order, and Plaintiff will shortly submit a motion seeking entry of the order to facilitate production of medical records.

**Defendant GEO's Position**

<u>Depositions:</u>

- The parties are working diligently and jointly to schedule and take depositions within the fact discovery deadline of December 12, 2025; there is sufficient time to do so with the following caveat: on October 30, 2025, Defendant became aware that one of the GEO employees targeted for deposition by Plaintiff—Officer Odrum Brooks—is on federally protected family bonding leave.  His scheduled return-to-work date is November 19, 2020.  Defendant is notifying the Court in an abundance of caution; should the targeted deponent extend his leave to a time after the close of fact discovery, Defendant is willing to jointly seek an extension for the purpose of Plaintiff taking his deposition should the Court not extend the current discovery deadlines.

- Defendant is awaiting written notification of Guardian *ad litem* ("GAL") Krystina A.'s review and ratification of the Plaintiff's discovery responses (requests for production, admissions) served on Defendant in the action, and service of verified Interrogatories, the deadline for which was October 6, 2025, prior to taking Plaintiff's, Plaintiff's spouse, and Krystina A.'s depositions. Defendant is uncertain at this time as to whether these events will take place within the current deadlines; as such, Defendant may be compelled to seek a jointly stipulated request to extend discovery deadlines, or alternatively if required to do so, seek an extension *ex parte*.

///

///

ESI

- On and after July 17, 2025, the parties began the meet and confer process regarding electronic mail/attachments ESI search terms and custodians. Defendant has produced electronic email/attachment ESI records on a rolling basis; unfortunately, approximately 35,000 records still require first-level review; the third-party vendor estimate for conducting such review—not including privacy and privilege-related redactions—was $58,500.00 for the cost of attorney hours to conduct the review. Defendant unsuccessfully sought to shift the cost burden; Defendant would still like to at least share the cost. Regardless, the review process has begun, and Defendant currently expects it will have produced (on a rolling basis) all of the responsive records within the current discovery deadline.

**Potential For Settlement**

Plaintiff's Position

Plaintiff is amenable to exploring the possibility of settlement with Defendant at this time, and agrees with Defendant that an extension of current discovery deadlines would assist in permitting the parties to explore settlement before incurring substantial additional costs.

Defendant GEO's Position

Defendant believes there is a potential for early settlement that would allow each party to avoid avoidable costs of litigation. However, Defendant believes that the parties cannot meaningfully explore an early negotiated settlement within the current discovery deadlines as fact discovery will close prior to the Court-ordered 45 day window for GAL Krystina A. to review and ratify all litigation decisions and discovery responses.

///

///

**PENDING ISSUES**

<u>Plaintiff's Position</u>

Plaintiff does not oppose Defendant's request for a 45-day extension of discovery deadlines. A brief extension would enable the parties to explore settlement, and enable Plaintiff to take depositions with the benefit of a more complete documentary record.

<u>Defendant GEO's Position</u>

As stated above, on October 28, 2025, the Court issued a 14-day deadline to file either a notice of appearance on behalf of Krystina A. or a report setting for the why she may proceed without counsel. Defendant believes that a brief 45-day extension of discovery deadlines will ensure the parties have the opportunity to explore a potential early negotiated settlement and avoid unnecessary costs of litigation.

Dated: October 31, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:     /s/ *Deann R. Rivard*
Susan E. Coleman
Deann R. Rivard
Attorneys for Defendant
THE GEO GROUP, INC.


*Additional signatories are on next page.*


*This space is left intentionally blank*

| | | |
|---|---|---|
| 1 | Dated: October 31, 2025 | ROMANUCCI & BLANDIN, LLC |

By: */s/ Benjamin Berkman* (as authorized on October 31, 2025)

Benjamin Berkman (pro hac vice)
Maura D. White (pro hac vice)
Attorneys for Plaintiff L.V.Q.

IMMIGRANT LEGAL DEFENSE

Jessica Zhang (pro hac vice)
Claudia Valenzuela
Attorneys for Plaintiff L.V.Q.