UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., <br><br> Defendant. | Case No. 1:24-cv-00656-KES-CDB <br><br> ORDER ON PARTIES' STIPULATED REQUEST TO FURTHER AMEND CASE MANAGEMENT DATES <br><br> (Docs. 22, 52, 71) |

**Relevant Background**

Plaintiff L.V.Q. initiated this action with the filing of a complaint on June 3, 2024. (Doc. 1). In the operative, first amended complaint ("FAC"), Plaintiff asserts state law causes of action against Defendant The GEO Group, Inc. ("Defendant" or "GEO"). (Doc. 9). On October 24, 2024, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 22). On August 13, 2025, the Court granted the parties' first stipulated request to amend case management dates, as modified, extending by approximately 75 days all case management dates, including discovery and pretrial motion deadlines. (Doc. 52). On October 28, 2025, the Court granted Plaintiff's motion for the appointment of Krystina A. as guardian ad litem for L.V.Q. and denied Defendant's motion to stay as moot. (Doc. 69).

Following the parties' failure to timely file a joint mid-discovery status conference report, on October 30, 2025, the Court ordered the parties to show cause in writing why sanctions should

1 not be imposed for their failure to timely file the joint report. (Doc. 70). The parties were permitted to comply with the order in the alternative by filing a joint mid-discovery status conference report in compliance with the Court's scheduling order by that same deadline. *Id.* The next day, the parties complied in filing the joint status report. (Doc. 71).

On November 5, 2025, the parties convened via video conference before the undersigned for the mid-discovery status conference. Plaintiffs' counsel Jessica Zhang and Maura White present. Defendants' counsel Lauren Dossey present.

### **Parties' Construed Stipulated Request to Amend Scheduling Order**

Pending before the Court is the parties' mid-discovery joint status conference report and construed stipulated request to further amend the scheduling order. *Id.* The parties represent they are currently undertaking discovery with depositions planned in advance of the December 12, 2025, fact discovery deadline, and written discovery outstanding among both parties. *Id.* at 4-5. The parties have agreed upon a HIPAA qualified protective order and represent that Plaintiff will "shortly submit a motion seeking entry of the order to facilitate production of medical records." *Id.* at 5. Defendant seeks a 45-day extension of discovery deadlines to ensure the parties have the opportunity to explore a potential early negotiated settlement and "avoid unnecessary costs of litigation" and because Defendant believes "that the parties cannot meaningfully explore [settlement] within the current discovery deadlines as fact discovery will close prior to the Court-ordered 45-day window for [guardian ad litem (GAL)] Krystina A. to review and ratify all litigation decisions and discovery responses." *Id.* at 6-7. Defendant represents that there is sufficient time to complete depositions within the fact discovery deadline of December 12, 2025, but notes that one of the GEO employees Plaintiff has noticed for deposition, Officer Odrum Brooks, is on federally protected family bonding leave, and is scheduled to return to work on November 19, 2025, and Defendant will jointly seek an extension to facilitate this deposition should the Court not extend the current discovery deadlines. *Id.* at 5. Defendant further represents that it is awaiting written notification of GAL Krystina A.'s review and ratification of Plaintiff's discovery responses served on Defendant in this action and Defendant "is uncertain at this time whether these events will take place within the current deadlines[,]" and therefore "may be compelled to seek a jointly stipulated

2

1  request to extend discovery deadlines" or seek an extension ex parte if required to do so. *Id.*
2  Plaintiff does not oppose the request and agrees that Defendant's requested extension would enable
3  the parties to explore settlement and enable Plaintiff to take depositions "with the benefit of a more
4  complete documentary record." *Id.*

5  At the mid-discovery status conference, the parties recounted their diligent efforts in
6  undertaking discovery, including Defendant's arrangement for extensive review and production of
7  ESI, and elaborated on the need to resolve matters related to the appointment of L.V.Q.'s guardian
8  ad litem.

9  The Court acknowledges that the parties' discovery efforts inevitably have been delayed
10 given the need to resolve the issue of Plaintiff's competency and the appropriateness of appointing
11 Plaintiff's proposed guardian ad litem. However, it is clear based on the parties' mid-discovery
12 status report and comments offered during the conference that the principal obstacle to the parties'
13 timely completion of discovery is Defendant's partly unexplained delay in completing its review
14 and production of ESI. Specifically, notwithstanding that Plaintiff's discovery requests for which
15 Defendant is preparing to produce responsive ESI were propounded in December 2024,
16 Defendant's ESI review and production process remains ongoing more than ten months later.

17 In light of these delays, the Court finds the parties have demonstrated limited good cause
18 sufficient to warrant a final, 30-day extension of only the discovery and the non-dispositive motion
19 filing dates deadlines. Any additional extensions would result in prejudicial adjustment of the
20 remaining case management dates for which the parties have failed to demonstrate extraordinary
21 cause for such further adjustments. As the Court previously admonished and reiterates here, it is
22 unlikely to "**grant further requests for extension of case management dates absent a showing**
23 **of extraordinary circumstances beyond good cause**." *See* (Doc. 52 at 3).

*Remainder of This Page Intentionally Left Blank*

3

**Conclusion and Order**

Accordingly, for limited good cause appearing, it is HEREBY ORDERED that the scheduling order (Docs. 22, 52) is further amended <u>as follows</u>:

| Event | Prior Date | <u>Amended Date</u> |
|---|---|---|
| Non-Expert Discovery Deadline | 12/12/2025 | <u>01/112026</u> |
| Expert Disclosure Deadline | 1/12/2026 | <u>02/11/2026</u> |
| Rebuttal Disclosure Deadline | 02/12/2026 | <u>03/14/2026</u> |
| Expert Discovery Deadline | 03/12/2026 | <u>04/11/2026</u> |
| Non-Dispositive Motion Filing | 04/08/2026 | <u>05/08/2026</u> |
| Non-Dispositive Motion Hearing (CDB) | 05/13/2026 | <u>06/15/2026, 10:30 AM</u> |

All other case management dates and provisions of the operative scheduling order (Docs. 22, 52) not in conflict with this order remain unchanged.

IT IS SO ORDERED.

Dated:   **November 5, 2025**

UNITED STATES MAGISTRATE JUDGE