UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., | Case No. 1:24-cv-00656-KES-CDB |
| Plaintiff, | ORDER GRANTING PARTIES' THIRD STIPULATED REQUEST TO FURTHER AMEND CASE MANAGEMENT DATES AS MODIFIED |
| v. | |
| THE GEO GROUP, INC., | |
| Defendant. | (Docs. 22, 52, 73, 81) |

**Relevant Background**

Plaintiff L.V.Q. initiated this action with the filing of a complaint on June 3, 2024. (Doc. 1). In the operative, first amended complaint ("FAC"), Plaintiff asserts state law causes of action against Defendant The GEO Group, Inc. ("Defendant" or "GEO"). (Doc. 9).

On October 24, 2024, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 22). On August 13, 2025, the Court granted the parties' first stipulated request to amend case management dates, as modified, extending by approximately 75 days all case management dates, including discovery and pretrial motion deadlines. (Doc. 52).

On November 5, 2025, the Court granted in part the parties' construed stipulated request to further amend case management dates, finding limited good cause for a 30-day extension of only the discovery and non-dispositive motion filing dates and deadlines. (Doc. 73). The Court

explained that any additional extensions would result in prejudicial adjustment of the remaining case management dates and that the parties had failed to demonstrate extraordinary cause for such further adjustments. *Id.* at 3. The Court reiterated that it is unlikely to grant further requests for extension of case management dates absent a showing of extraordinary circumstances. *Id.*

**Parties' Third Stipulated Request to Amend Scheduling Order**

Pending before the Court is the parties' third stipulated request to further amend the scheduling order to continue expert discovery, non-dispositive, and dispositive motion deadlines, filed on January 15, 2026. (Doc. 81). The parties represent that following completion of nonexpert depositions, they are still waiting for a significant number of deposition transcripts and therefore request an extension of expert discovery deadlines to allow time for their experts to review the transcripts before producing their expert reports. *Id.* at 2. The parties represent that this extension will require that the deadlines for non-dispositive and dispositive motions be moved forward but will not require alteration of the pre-trial conference or trial dates. *Id.* The parties request the current schedule be modified as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Expert Disclosure Deadline | 02/11/2026 | 03/11/2026 |
| Rebuttal Disclosure Deadline | 03/14/2026 | 04/10/2026 |
| Expert Discovery Deadline | 04/11/2026 | 05/10/2026 |
| Non-Dispositive Motion Filing | 05/08/2026 | 06/04/2026 |
| Non-Dispositive Hearing (CDB) | 06/15/2026,10:30 AM | 07/09/2026, 10:30 AM |
| Dispositive Motion Filing | 06/16/2026 | 07/17/2026 |
| Dispositive Hearing (JLT) | 08/03/2026 at 1:30 PM | 08/23/2026, 1:30 PM |
| Pre-Trial Conference (JLT) | 12/14/2026, 1:30 PM | No Change |
| Trial Date (JLT) | 02/09/2026, 8:30 AM | No Change |

**Discussion**

The Court previously has extended case management dates on two occasions (Docs. 52, 73). In each of its orders granting the parties' requests to extend deadlines, the Court admonished the parties that further requests for extensions would not be granted absent a showing of

extraordinary circumstances.

Instead of heeding these admonitions, the parties now seek to extend by approximately four weeks existing deadlines to commence and complete expert discovery and to file pretrial motions – on the grounds that transcripts for recently completed nonexpert depositions are not in-hand, and, hence, not available for review by either side's expert witnesses. This is not an "extraordinary circumstance" in light of the procedural posture of the case and the Court's admonitions about deadlines. Deposition transcripts can be – and out of respect to the Court's admonitions, should have been, if not already – ordered by the parties on an expedited basis. Moreover, in light of the Court's admonitions, to facilitate timely review by expert witnesses, the parties should have (if they did not) video-recorded depositions they deemed material to preparing expert witness disclosures.

The parties have not demonstrated good cause to impose yet another adjustment to the Court's operative motion filing and hearing deadlines. Instead, the Court will grant a two-week extension of existing deadlines by which the parties shall make initial and rebuttal expert witness disclosures and shall complete expert discovery.

**Conclusion and Order**

Accordingly, for limited good cause appearing, it is HEREBY ORDERED that the scheduling order (Docs. 22, 52, 73) is further amended as follows:

| Event | Current Date | Amended Date |
| --- | --- | --- |
| Expert Disclosure Deadline | 02/11/2026 | 02/25/2026 |
| Rebuttal Disclosure Deadline | 03/14/2026 | 03/27/2026 |
| Expert Discovery Deadline | 04/11/2026 | 04/24/2026 |

All other case management dates and provisions of the operative scheduling order (Docs. 22, 52, 73) not in conflict with this order remain unchanged.

IT IS SO ORDERED.

Dated:   **January 16, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

3