Maura D. White*
Benjamin Berkman*
Romanucci & Blandin LLC
P:312-458-1000
Email: mwhite@rblaw.net
      bberkman@rblaw.net

Jessica Zhang*
Claudia Valenzuela*
Immigrant Legal Defense
P:510-463-1841
Email: jessica@ild.org
      claudia@ild.org
*Admitted Pro Hac Vice

Attorneys for Plaintiff L.V.Q.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| L.V.Q.,<br><br>     Plaintiff,<br><br> vs.<br><br>THE GEO GROUP, INC., a Florida Corporation,<br><br><br>     Defendant. | Case No**.: 1:24-CV-00656-KES-CDB**<br><br>**PLAINTIFF L.V.Q.'S NOTICE AND MOTION TO STRIKE JAMES JANECKA'S DECLARATION**<br><br>**Hearing**:<br>Date: August 3, 2026<br>Time: 1:30 p.m.<br>Crtrm.: 6<br>Judge: Hon. Kirk E. Sherriff<br>Action Filed: 06/03/2024<br>FAC Filed: 07/30/2024<br><br>Trial: 02/09/2027 |

PLEASE TAKE NOTICE that on August 3, 2026 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of U.S. District Court Judge Kirk E. Sherriff, located at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Plaintiff will move this Court, pursuant to Federal Rule of Civil Procedure 37(c)(1), to strike the Declaration of James

- 1 -

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

Janecka (the "Janecka Declaration"), filed by Defendant The GEO Group, Inc. ("Defendant" or "GEO") in support of its Motion for Partial Summary Adjudication.

Plaintiff files this Motion because Defendant failed to properly disclose James Janecka as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i) and failed to supplement that disclosure as required by Rule 26(e). Rule 37(c)(1) calls for exclusion of the Janecka Declaration, and such remedy is appropriate here. Admission of the Janecka Declaration would severely prejudice Plaintiff, who had no fair opportunity to conduct discovery concerning Janecka's identity, knowledge, or opinions. For the reasons stated below, Plaintiff respectfully request that this Court grant Plaintiff's Motion to Strike the Janecka Declaration, and for any other relief it deems appropriate.

Dated: June 30, 2026                    BY: Romanucci & Blandin

                                        s/Maura D. White

                                        Maura D. White*
                                        Benjamin Berkman*


                                        IMMIGRANT LEGAL DEFENSE
                                        Jessica Zhang*
                                        Claudia Valenzuela*
                                        *Attorneys for Plaintiff L.V.Q.*

                                        *Admitted pro hac vice*

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

Maura D. White*
Benjamin Berkman*
Romanucci & Blandin LLC
P:312-458-1000
Email: mwhite@rblaw.net
        bberkman@rblaw.net

Jessica Zhang*
Claudia Valenzuela*
Immigrant Legal Defense
P:510-463-1841
Email: jessica@ild.org
        claudia@ild.org
*Admitted Pro Hac Vice

Attorneys for Plaintiff L.V.Q.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| L.V.Q.,<br><br>                    Plaintiff,<br><br>  vs.<br><br>THE GEO GROUP, INC., a Florida Corporation,<br><br><br><br>                    Defendant. | Case No**.: 1:24-CV-00656-KES-CDB**<br><br>**PLAINTIFF L.V.Q.'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE DECLARATION OF JAMES JANECKA**<br><br>**Hearing**:<br>Date: August 3, 2026<br>Time: 1:30 p.m.<br>Crtrm.: 6<br>Judge: Hon. Kirk E. Sherriff<br>Action Filed: 06/03/2024<br>FAC Filed: 07/30/2024<br><br>Trial: 02/09/2027 |

## I. INTRODUCTION

With its Motion for Partial Summary Adjudication, Defendant submits the Declaration of James Janecka (Janecka Declaration) as a central piece of evidence in both its Separate Statement of

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

Undisputed Facts (Undisputed Facts) and in its Motion for Partial Summary Adjudication[1] to advance its argument that Plaintiff fails to meet the standard to pursue punitive damages in this case. Mtn. at 10-13; Undisputed Facts #10–20, 28. The Court should strike the Janecka Declaration in its entirety because Defendant never disclosed James Janecka as a witness or potential source of relevant information as required by Rule 26. Plaintiff was deprived of any opportunity to depose Janecka or otherwise investigate his claimed knowledge. Accordingly, this Court should strike the Janecka Declaration and prohibit Defendant GEO from relying on the Janecka Declaration in its Statement of Undisputed Facts, its Motion for Partial Summary Adjudication, or trial.

## II. FACTUAL BACKGROUND

This case arises from Plaintiff's claims against GEO concerning GEO's failure to accommodate and protect Plaintiff while he was detained at the Mesa Verde ICE Processing Center (MVIPC), ultimately leading to the sexual assault of Plaintiff that occurred while he was detained at the MVIPC. ECF No. 9. The Scheduling Order entered by the Court set the following relevant deadlines: November 1, 2024 for initial disclosures, September 24, 2025 for the completion of fact discovery, and December 4, 2025 for the completion of expert discovery. ECF No. 22. The deadlines for completion of fact and expert discovery were later extended to January 11, 2026, and May 6, 2026, respectively. ECF Nos. 52, 73, 82, and 84.

Defendant served its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on November 1, 2024. *See* Ex. A at 4. Defendant served Supplemental Initial Disclosures on January 11, 2026. *See* Ex. B at 9. Neither set of disclosures identified James Janecka as an individual with

---

[1] GEO erroneously filed its Motion for Partial Summary Adjudication under seal. It filed a copy of its Motion for Partial Summary Adjudication as an exhibit to its Notice of Errata to its Request to Seal. *See* ECF No. 88. Because GEO has not filed its Motion for Partial Summary Adjudication as a separate docket entry, Plaintiff refers to the Notice and Motion for Partial Summary Adjudication at Exhibit A of ECF No. 88 as GEO's Motion for Partial Summary Adjudication ("Mtn."). *See* ECF No. 88, at 4–24. All page numbers for GEO's Motion for Partial Summary Adjudication refer to the page numbers included by GEO on the bottom of the page of the Motion, for ease of reference once the Motion is docketed. Defendant includes the Janecka Declaration as part of Exhibit A in ECF No. 88. *See* ECF No. 88, at 27–30. Plaintiff will cite to the Janecka Declaration by paragraph number for the purposes of this motion.

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

discoverable information related to this case. *See* Exs. A–B. At no point during the discovery period did Defendant identify or disclose James Janecka as a potential witness for this case.

On June 16, 2026, Defendant filed its Motion for Partial Summary Adjudication. Attached to that motion was the Janecka Declaration. This was the first time that Defendant raised Janecka in this litigation. In his declaration, Janecka identified himself as a Western Region Vice President of GEO and stated that he has "personal knowledge of the corporate structure" of GEO and MVIPC. *Id.* at ¶ 2. Although the Janecka Declaration is silent as to when he assumed that role or for how long he has worked for GEO, GEO's 2024 Annual Report to the Securities and Exchange Commission lists Janecka in that same role. *See* Ex. C, GEO 2024 Annual Report at 121.[2] Defendant GEO relies heavily on the Janecka Declaration in its Statement of Undisputed Facts and its Motion for Partial Summary Adjudication to argue, among other things, that GEO "cannot be subject to an award of punitive damages as there is no genuine dispute of material fact evidence that any of its Corporate officers, directors, or any of its managing agents, knew and consciously disregarded, authorized, or ratified any act of oppression, fraud, or malice or personally committed any such act in this case." Mtn. at 13; Undisputed Facts #10–20, 28; Janecka Declaration at ¶¶ 1–13. Defendant never disclosed James Janecka's identity or the subjects of his knowledge during the discovery period, and Plaintiff's counsel had no basis to anticipate that Janecka would be used as a witness to support Defendant GEO's Motion for Partial Summary Adjudication.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires each party, without awaiting a discovery request, to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." A party must supplement its

---

[2] Exhibit C is available publicly at: https://www.sec.gov/Archives/edgar/data/923796/000119312525059375/d910128dars.pdf?ref=theferret.scot. Additionally, there is other publicly available information to suggest that, on at least one other occasion, Defendant GEO has offered a declaration by Janecka in support of ongoing litigation prior to filing his declaration in this case. *See Novoa v. The GEO Group, Inc.*, No. 5:17-cv-02514-JGB-SHK, ECF No. 256-1 (C.D. Cal. April 8, 2020).

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) provides the remedy for a party's failure to comply with these obligations:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

"Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The Rule makes clear that "litigants can escape the harshness of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Id*. (internal citations and quotations omitted). While Rule 37(c) "does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)— . . . the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.; see also Benjamin v. B & H Education, Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017) (affirming district court's order striking declarations as a sanction under Rule 37 where plaintiffs offered declarations from witnesses not disclosed pursuant to Rule 26).

## IV. THE JANECKA DECLARATION SHOULD BE STRIKEN

This Court should strike the Janecka Declaration. James Janecka appears nowhere in Defendant's Initial Disclosures, supplemental disclosures, or any other disclosures throughout the entirety of fact discovery. *See* Exs. A–B. Rule 26(a)(1)(A)(i) required Defendant to identify any individual "likely to have discoverable information" that Defendant "may use to support its claims or defenses." There can be no serious argument that GEO Group did not know of James Janecka—he is the Western Region Vice President of GEO and publicly available information suggests that he has held this role since at least 2024 and has provided declarations for GEO on at least one other occasion in 2020. Defendant's failure to disclose him was a disregard for its discovery obligations that deprived

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

Plaintiff of a fair opportunity to investigate Janecka's knowledge and, if appropriate, take his deposition. Further, and perhaps most egregiously, Defendant uses the Janecka Declaration to improperly anchor and bolster its arguments in its Motion for Partial Summary Adjudication, including as the sole evidentiary basis for many of the facts it presents in support of its motion. Mtn. at 10-13; Undisputed Facts #10–20, 28.

The Ninth Circuit in *Benjamin* addressed a materially identical situation. There, the plaintiffs offered declarations at the summary judgment stage from witnesses who had not been properly disclosed under Rule 26. The Ninth Circuit held that the district court did not abuse its discretion in striking the declarations as a sanction under Rule 37(c)(1). *Benjamin*, 877 F.3d at 1150. Specifically, the court noted that the plaintiffs did not show that "their failure to disclose was substantially justified or harmless, as required under Rule 37(c)(1), when they waited until the motion for summary judgment stage to identify likely witnesses." *Id*.

Here, Defendant GEO is similarly unable to demonstrate that its failure to disclose Janecka was substantially justified. First, there is no legitimate explanation for Defendant's failure to disclose James Janecka. He is the Western Region Vice President of GEO and purports to have relevant information to the issues in this matter—particularly as they relate to Defendant's Motion for Partial Summary Adjudication. Based on the publicly available information regarding Janecka (*see* Ex. C; *supra* n.2), there is no doubt that Defendant GEO was aware of Janecka's identity and role at GEO. Nothing prevented GEO Group from identifying Janecka at the outset—or at any time during discovery—as a person with relevant knowledge. Defendant's failure to do so cannot be substantially justified.

Further, the non-disclosure was far from harmless. Plaintiff had no opportunity to: (a) seek discovery concerning Janecka's identity, background, or knowledge; (b) subpoena relevant documents from him; (c) prepare and serve interrogatories tailored to his claimed knowledge; or (d) depose him regarding the matters addressed in his declaration. The fact and expert discovery periods in this matter have now closed. Plaintiff cannot cure this prejudice without asking this Court to reopen discovery—an extraordinary remedy that would delay these proceedings and impose significant additional costs. And by relying on Janecka's declaration to support its arguments at summary

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION

judgment—including as the *sole* source of evidence for facts supporting its argument that employees at MVIPC did not have discretion or authority to influence GEO corporate policy—Defendant leaves Plaintiff at a disadvantage to challenge or dispute facts presented for the first time in Janecka's declaration. Defendant's gamesmanship—holding Janecka in reserve until summary judgment—is precisely the practice that Rule 37(c)(1)'s automatic-sanction was designed to deter. *Yeti by Molly*, 259 F.3d at 1106. Accordingly, this Court should strike the Janecka Declaration pursuant to Rule 37(c)(1) and bar Defendant GEO from relying on the Janecka Declaration in its Motion for Summary Adjudication, its Statement of Undisputed Facts, or at trial.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike in its entirety the Declaration of James Janecka filed by Defendant The GEO Group, Inc. in support of its Motion for Partial Summary Adjudication, and order that the Court disregard any arguments by Defendant premised upon or supported by that declaration. Plaintiff further request any other relief the Court deems just and proper.

Date: June 30, 2026

BY: Romanucci & Blandin

s/Maura D. White

Maura D. White*
Benjamin Berkman*


IMMIGRANT LEGAL DEFENSE
Jessica Zhang*
Claudia Valenzuela*

*Attorneys for Plaintiff L.V.Q.*

*Admitted pro hac vice*

PLAINTIFF'S MOTION TO STRIKE JAMES JANECKA'S DECLARATION