UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q.,<br>Plaintiff,<br>v.<br>THE GEO GROUP, INC., a Florida Corporation,<br>Defendant. | No. 1:24-cv-00656-KES-CDB<br>**ORDER GRANTING IN PART REQUESTS TO SEAL**<br>Docs. 87, 92, 94 |

Before the Court is defendant The GEO Group, Inc's ("GEO") corrected notice of request to seal, Doc. 87, plaintiff L.V.Q.'s ("L.V.Q.") notice of request to seal, Doc. 92, and an additional notice of request to seal by GEO. Doc. 94. All the requests are unopposed. The requests seek to seal the entirety of numerous filings, largely without identifying specific portions of the documents that warrant redaction.

GEO's initial request seeks an order sealing or redacting (1) the Declaration of Minga Wofford In Support of Motion for Partial Summary Adjudication ("Wofford Declaration") as well as attached Exhibits A through F; (2) the Declaration of Deann Rivard In Support of Motion for Partial Summary Adjudication ("Rivard Declaration") as well as attached Exhibits H through R; (3) the Appendix of Evidence In Support of Motion for Partial Summary Adjudication

("Appendix"); and (4) the Statement of Undisputed Facts In Support of Motion for Partial Adjudication. Doc. 87 at 1–2. GEO's additional request seeks an order sealing: (1) GEO's Response to Plaintiff's Response to GEO's Statement of Undisputed Facts in Support of Motion for Summary Adjudication; and (2) GEO's Responses and Objections to Plaintiff's Separate Statement of Disputed Facts in Opposition to GEO's Motion for Summary Adjudication. Doc. 94 at 2.

L.V.Q. seeks an order redacting Minga Wofford's signature from Exhibit A (Defendant GEO Group's Responses to Plaintiff's Interrogatories). Doc. 92 at 2. It further seeks to seal the following documents in full: Plaintiff's Response to Defendant's Separate Statement of Undisputed Facts; Plaintiff's Separate Statement of Disputed Facts; and Exhibits B through D, F through G, and I through II. Doc. 92 at 2–3.

The court has reviewed these documents and considered the balancing test set forth in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Under this test, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access by meeting the "compelling reasons standard." *Id.* at 1178 (internal citation omitted). "[T]he party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (cleaned up). The court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal citation omitted).

With respect to GEO's initial request to seal, Doc. 87, GEO has established that the following documents contain detailed and sensitive information such that sealing the documents is justified by compelling reasons that outweigh the interest in public disclosure: Exhibit F to the Wofford Declaration, and Exhibits H, I, J, K, L, M, N, and R to the Rivard Declaration. GEO has failed to provide compelling reasons that justify sealing the entirety of the following documents: the Wofford Declaration and attached Exhibits A through E, the Appendix, the Statement of Undisputed Facts In Support of Motion for Partial Adjudication, the Rivard Declaration, or

Exhibits O, P, and Q to the Rivard declaration. However, plaintiff's name and identifying numbers shall be redacted from such documents.

As to GEO's second request to seal, Doc. 94, GEO has failed to provide compelling reasons that justify sealing the entirety of the following documents: GEO's Response to Plaintiff's Response to GEO's Statement of Undisputed Facts in Support of Motion for Summary Adjudication, or GEO's Responses and Objections to Plaintiff's Separate Statement of Disputed Facts in Opposition to GEO's Motion for Summary Adjudication.

With respect to L.V.Q.'s request, Doc. 92, and for the reasons identified in L.V.Q.'s request to seal, sealing Exhibits J, K, N, O, P, R, S, T, U, V, X, Y, Z, CC, DD, EE, FF, and GG, and Minga Wofford's signature from Exhibit A, is justified by compelling interests that outweigh the interest in public disclosure. But L.V.Q. has not provided compelling reasons to justify sealing the entirety of L.V.Q.'s remaining exhibits, Plaintiff's Response to Defendant's Separate Statement of Undisputed Facts, or Plaintiff's Separate Statement of Disputed Facts.

Accordingly, it is ORDERED:

1. GEO's initial request to seal, Doc. 87, is GRANTED with respect to:
    a. Exhibit F to the Wofford Declaration; and
    b. Exhibits H, I, J, K, L, M, N, R to the Rivard Declaration
2. GEO's initial request to seal, Doc. 87, is otherwise DENIED WITHOUT PREJUDICE to GEO identifying and justifying specific redactions, if warranted, with respect to the remaining documents.
3. GEO's additional request to seal, Doc. 94, is DENIED WITHOUT PREJUDICE to GEO identifying and justifying specific redactions, if warranted.
4. L.V.Q.'s request to seal, Doc. 92, is GRANTED with respect to Exhibits J, K, N, O, P, R, S, T, U, V, X, Y, Z, CC, DD, EE, FF, and GG. L.V.Q.'s request is otherwise DENIED WITHOUT PREJUDICE to L.V.Q. identifying and justifying specific redactions, if warranted, with respect to the remaining documents.
5. Plaintiff's name and identifying numbers SHALL be redacted from any publicly filed document.

6. As to the documents authorized to be sealed by this Order, GEO and L.V.Q. shall provide electronic copies of the documents to be sealed to the Clerk of Court, by email to ApprovedSealed@caed.uscourts.gov, for filing under seal. *See* Local Rule 141(e)(2)(i). Access to the sealed document SHALL be limited to the court, authorized court personnel, and the parties and their counsel.

IT IS SO ORDERED.

Dated: September 28, 2026

UNITED STATES DISTRICT JUDGE