UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.V.Q., Plaintiff, v. THE GEO GROUP, INC., a Florida Corporation, Defendant. | No. 1:24-cv-00656-KES-CDB **ORDER GRANTING L.V.Q.'S UNOPPOSED REQUEST TO SEAL** Doc. 102 |

Before the Court is plaintiff L.V.Q.'s unopposed renewed request to redact and seal documents filed in support of L.V.Q.'s opposition to defendant The Geo Group, Inc. ("GEO")'s motion for partial summary adjudication. Doc. 102. L.V.Q. seeks to redact the names of non-party individuals who are currently in detention, as well as the first names of two of GEO's employees, from its separate statement of disputed facts and Exhibits C, F, G, Q, W, AA, BB, and II. *Id.* at 1–2. All individuals whose names L.V.Q. seeks to redact are non-parties. *Id.* at 1.

The Court evaluates whether to seal documents using the balancing test discussed in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Under this test, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access by meeting the "compelling reasons standard." *Id.* at 1178 (internal citation

omitted). "[T]he party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (cleaned up). After determining whether there are compelling reasons that support sealing, the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (internal citation omitted). Parties may move to seal documents to protect non-parties. *See 3D Sys., Inc. v. Wynne*, No. 21-cv-1141-AGS-DDL, 2024 WL 1122377, at *3 (S.D. Cal. March 14, 2024); *Cox. v. First Student Inc.*, No. 3:25-cv-05497-DGE, 2025 WL 3443100, at *3 (W.D. Wash. 2025). L.V.Q. has established that redacting the names of the non-party detainees, and redacting the first names of the GEO employees, is supported by compelling reasons.

These interests outweigh the public's interest here. L.V.Q. seeks to redact only limited information and in a small number of documents. Redacting this information will help protect sensitive information while not materially undermining public access to court documents.

Accordingly, it is **ORDERED**:

1. L.V.Q.'s unopposed renewed request to seal is **GRANTED**.
2. Access to the sealed document shall be limited to the Court, authorized court personnel, and the parties and their counsel.
3. Within ten days from the issuance of this Order, L.V.Q. shall publicly file redacted versions of the documents covered by the request to seal.

IT IS SO ORDERED.

Dated: October 22, 2026

UNITED STATES DISTRICT JUDGE